IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



| | |
|---|---|
| GARY DUANE HEAVYGUN, | CV 16–35–GF–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this matter on April 4, 2017, recommending denial of Petitioner Gary Duane Heavygun's ("Heavygun") application for writ of habeas corpus under 28 U.S.C. § 2254. Heavygun filed objections and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are

familiar with the factual background of this case, it will not be repeated here.

Upon review of the objections, the Court finds that Heavygun fails to articulate any specific objections to the Findings and Recommendations and, instead, lodges a general objection to the conclusion that his petition should be denied. However, because Heavygun fails to lay out specific objections to the Findings and Recommendations, it will be reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(C) (stating that a judge shall make a de novo review of the "specified proposed findings or recommendations to which objection is made"); *see also* L.R. 72.3(a) (mandating that objections to Findings and Recommendations "must itemize . . . each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation").

Consequently, the Court finds no clear error in Judge Johnston's recommendation that Heavygun's petition should be denied. First, the Court agrees with Judge Johnston that Heavygun's claim of ineffective assistance should be denied on the merits because he cannot show that his trial counsel performed deficiently during voir dire. Next, Heavygun's remaining claims pertaining to the performance of his trial attorneys must also fail because he cannot establish that the Montana Supreme Court's adjudication of his claims: (1) were contrary to or

involved an unreasonable application of federal law as determined by the United States Supreme Court; or (2) were based on unreasonable determination of the facts. 28 U.S.C. § 2254(d). As such, this Court must defer to the determination of the Montana Supreme Court that Heavygun's attorneys provided adequate representation.

Lastly, Heavygun's objections request that an attorney be appointed to assist him with his petition. "[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Rather, a district court has the discretion to appoint counsel when it determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Here, the Court finds that interests of justice do not require the appointment of an attorney. Heavygun's pleadings are clearly written and it is apparent that he is capable of pursuing his petition pro se. Lastly, this case does not present any unusual circumstances which would warrant the appointment of counsel. *Anderson v. Heinze*, 258 F.2d 479, 484 (9th Cir. 1958) ("Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction.").

Accordingly, there being no clear error in the Findings and Recommendations, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 10) are ADOPTED IN FULL;

(2) The Petition (Doc. 1) is DENIED on the merits;

(3) The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner;

(4) A certificate of appealability is DENIED; and

(5) Heavygun's request for the appointment of counsel is DENIED.

DATED this 31st day of May, 2017.

Dana L. Christensen, Chief Judge
United States District Court